UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )  )  v.                                                    )  )  EMANUEL T. NEWMAN (03)             ) | CAUSE NO. 3:91-CR-0002 RM |

OPINION and ORDER

This cause is again before the court two motions filed by Emanuel Newman: his "Motion to Correct an Illegal Sentence Pursuant to Rule 35 (Old Version) Prior to November 1, 1987" and his "Motion for Post-Offense Rehabilitation Downward Departure." Mr. Newman claims relief pursuant to the terms of Federal Rule of Criminal Procedure 35(a) as it existed prior to November 1, 1987. Mr. Newman maintains that because the conspiracy in which he was involved began in June 1987, before the effective date of the Sentencing Guidelines, he should have been sentenced under pre-guideline standards, which would entitle him to parole eligibility and a downward departure based on his rehabilitative efforts. The government has filed its objection and Mr. Newman his rebuttal.

According to Mr. Newman, the conspiracy in which he was involved "began in June of 1987 . . . and continued until January 1991" and "had the court known that Title 18 U.S.C. § 3553(a) was nothing more than suggestions that were to be weighed along with other considerations, and not mandatory 'law,' that it would have sentenced him according to the constitutional sentencing scheme that was in effect at the time his (count one) conspiracy began." Reply, at 4-5. Mr. Newman

asserts that he should have received two sentences: a pre-Sentencing Guidelines sentence on the conspiracy count and a sentence on the remaining counts under the Sentencing Guidelines. The sentence imposed is illegal, Mr. Newman says, in that it violates his due process and equal protection rights under the Fifth Amendment and his Sixth Amendment right to a jury trial. Mr. Newman's argument is without merit.

"The Sentencing Guidelines by their terms apply to crimes committed on or after November 1, 1987, and by their interpretation to conspiracies that straddle this date." United States v. Masters, 924 F.2d 1362, 1369 (7th Cir. 1991). Thus, Mr. Newman's argument that the court should have applied pre-Guidelines law to count one – involving a conspiracy which even according to Mr. Newman lasted from June of 1987 until January of 1991 – is without support, *see* White v. Veach, 219 Fed. Appx. 512, 512-513 (7th Cir. 2007) ("[W]e have repeatedly held that a conspiracy that straddles the effective date of [the Sentencing Reform Act] is subject to it."); United States v. Byerley, 46 F.3d 694, 699 (7th Cir. 1995) (Sentencing Guidelines are applicable to offenses "committed after" November 1, 1987 and to straddle conspiracies); United States v. Roberts, 22 F.3d 744, (7th Cir. 1994) ("The Guidelines apply to straddle crimes."), and his reliance on old Rule 35 for modification of his Guideline sentence is misplaced. United States v. Corbitt, 13 F.3d 207, 211 (7th Cir. 1993) ("old Rule 35 is applicable [only] to attempts to examine pre-Guidelines sentences").

Because Mr. Newman already has challenged his sentence more than once, *see* <u>United States v. Newman</u>, 1993 WL 393130 (7th Cir. Oct. 5, 1993) (affirming his sentence); <u>United States v. Newman</u>, No. 91-CR-2 (7th Cir. Nov. 10, 1997) (affirming the denial of his motion for new trial); and <u>Newman v. United States</u>, No. 99-1205 (7th Cir. Oct. 21, 1999) (affirming the denial of his motion filed under 28 U.S.C. § 2255), any further challenge to his sentence must be directed to the Seventh Circuit Court of Appeals pursuant to 28 U.S.C. § 2255.

Mr. Newman's motion to correct illegal sentence [docket # 693] and his motion for downward departure [docket # 694] are DENIED.

SO ORDERED.

ENTERED:   October 16, 2007

  /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: E. Newman
    AUSA