UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CAUSE NO. 3:91-CR-2 RM |
| | ) | |
| EMANUEL T. NEWMAN (03) | ) | |

OPINION and ORDER

In 1991, a jury found Emanuel Newman and his three co-defendants guilty on all counts of the indictment, and Mr. Newman was sentenced to a term of 540 months' imprisonment. His conviction was affirmed, United States v. Newman, 9 F.3d 113, 1993 WL 393130 (7th Cir. Oct. 5, 1993), the denial of his motion for new trial was affirmed, United States v. Newman, 129 F.3d 1268, 1997 WL 710289 (7th Cir. Nov. 10, 1997), and the denial of his 28 U.S.C. § 2255 petition was affirmed, United States v. Newman, No. 99-1205 (7th Cir. Oct. 21, 1999). Mr. Newman is now before the court on his "Petition for Common Law Writ of Error Audita Querela," in which he argues that he is entitled to be resentenced to a shortened term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and United States v. Booker, 543 U.S. 220 (2005). Mr. Newman says his sentence is unconstitutional because (i) the jury was never given an instruction to find him guilty of distributing a specific quantity of cocaine; (ii) when imposing his sentence, the court "adhered to the guidelines as being a mandatory sentencing scheme, [which] is contradictory to the law on review [and] renders his sentence unconstitutional to the extent that it was increased based on judicial

determinations of fact using only a preponderance of the evidence standard," Petn., at 6; and (iii) his presentence report contained factual inaccuracies and "constitutional errors" relating to sentencing recommendations. Mr. Newman asserts that the court should afford a broad interpretation to 18 U.S.C. § 3582(c)(2), recognize that Booker lowered his guideline range, and apply Booker retroactively to his case.

Mr. Newman lastly says the court shouldn't construe his current petition as a successive petition under 28 U.S.C. § 2255 because, according to Mr. Newman, at the time of his sentencing, direct appeal, and the filing of his § 2255 petition "absolutely no basis existed to challenge the constitutionality of the Federal Sentencing Guidelines. Nor did [he] realize at the time he filed his § 2255 motion that the A.E.D.P.A. would preclude him from filing further motions, except for limited, specified circumstances." Petn., at 11. Mr. Newman maintains his claims "are valid claims brought under separately recognized causes of action, not unrelated claims he seeks to caption differently to avoid dismissal." Petn., at 12. The court can't agree.

28 U.S.C. § 2255(a) provides that a federal prisoner may seek to have his sentence vacated, set aside, or corrected based on a claim that the sentence was imposed in violation of the Constitution or laws of the United States or is otherwise subject to collateral attack. Mr. Newman's first § 2255 petition was denied in November 1998. A second or successive petition may only be considered by the sentencing court if the petitioner seeks an order from the appropriate court

of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(3); *see also* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."). Mr. Newman hasn't alleged or established that he petitioned the Seventh Circuit for an order allowing him to proceed with a second or successive § 2255 petition, and he can't avoid the requirements of 28 U.S.C. § 2255 or § 2244 by "inventive captioning. Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the petitioner plasters on the cover." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (internal citations omitted); *see also* Collins v. Holinka, 510 F.3d 666, 667 (7th Cir. 2007) ("A motion in a criminal case – whether nominally under Fed. R. Crim. P. 33, or bearing an ancient title such as coram vobis or audita querela – may be treated as one under § 2255, because the caption on a document does not matter."); United States v. Lloyd, 398 F.3d 978, 980 (7th Cir. 2005) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela , certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." (*citing* Melton v. United States, 359 F.3d at 857)).

While a "procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been

3

imprisoned for a nonexistent offense," In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998); *see also* United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992) (relief under a writ of audita querela may be available if a criminal defendant could show such relief was "necessary to plug a gap in the system of federal postconviction remedies"), Mr. Newman has made no showing of the inadequacy of post-conviction remedies. The Booker decision doesn't apply retroactively to criminal cases, like Mr. Newman's, that became final before Booker was issued in January 2005. *See* United States v. Carraway, 478 F.3d 845, 849 (7th Cir. 2008) ("the Supreme Court has not (yet) made *Booker* retroactive to cases on collateral review, and this court itself concluded in *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005), that the *Booker* holding does not apply retroactively to criminal cases which became final before *Booker* was decided in January 2005").[1] That Booker isn't applicable to Mr. Newman's claims and he may be barred from filing a successive § 2255 motion doesn't create a "gap" that would permit a writ of audita querela. *See* United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) ("*Booker* does not apply retroactively to cases on collateral review. There is, therefore, no colorable claim of constitutional violation, and hence, the absence of other avenues of collateral attack does not give rise to serious constitutional questions. As aresult, a writ of audita querela does not lie."); Carrington v. United

---

[1] *Accord* United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005); United States v. Bellamy, 411 F.3d 1182 (10th Cir. 2005); Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005); Guzman v. United States, 404 F.3d 139 (2d Cir. 2005); Varela v. United States, 400 F.3d 864 (11th Cir. 2005); Humphress v. United States, 398 F.3d 855 (6th Cir. 2005).

4

States, 503 F.3d 888, 890 (9th Cir. 2007) (holding that petitioners may not obtain re-sentencing based on *Booker* by collaterally attacking their sentence via a petition for a writ of audita querela); McNair v. United States, No. 1:02-CV-12, 2008 WL 3874604, at *3 (N.D. Ind. Aug. 15, 2008) (holding petitioner was foreclosed from pressing for re-sentencing based on *Booker*, regardless of the fact that he sought relief pursuant to a writ of audita querela rather than captioning his petition as a motion for relief under § 2255).

The court concludes Mr. Newman's "Petition for Common Law Writ of Error Audita Querela" must be construed as a second or successive petition under 28 U.S.C. § 2255. Mr. Newman previously filed a § 2255 petition in this court, so his current motion [docket # 718] is DENIED as directed to the wrong court.

SO ORDERED.

ENTERED:   August 24, 2009

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: E. Newman